UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOHN ARTHUR JOHNSON, JR.,

        Petitioner,                                                      **ORDER**
                                                                            12-CV-6431 (RRM)

    -against-

STATE OF NEW YORK,

        Respondent.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

    On December 28, 2012, *pro se* petitioner John Arthur Johnson, Jr. commenced this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner failed to sign his petition and did not include the requisite filing fee or *in forma pauperis* application ("IFP Application") required to commence this action. Therefore, by letter dated January 3, 2013, petitioner was provided with an IFP application as well as a copy of his petition to sign. Petitioner was instructed that in order to proceed, he must sign the petition and either pay the $5.00 filing fee or return the completed IFP Application within 14 days from receipt of the letter. Because it was unclear as to whether or not the January 3, 2013 letter was received by petitioner, a second letter, dated January 23, 2013, was mailed to petitioner with the same enclosures. On January 31, 2013, the January 23, 2013 letter, which was sent to the address petitioner provided at Ulster Correctional Facility, was returned by the United States Postal Service as undeliverable with the notation, "Released - No Forwarding Address on file." Moreover, the New York State Department of Correctional and Community Supervision Services Locator database states that he has been released, but does not provide a forwarding address.

    It is petitioner's obligation to inform the Court of a change of address. To date, plaintiff has failed to update the Court with his current address in this case. "The duty to inform the Court and

defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Alomar v. Recard*, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting *Handlin v. Garvey*, No. 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); *see also Ackridge v. Martinez*, No. 09-CV-10400, 2011 WL 5865265, at *3 (S.D.N.Y. Nov. 22, 2011) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address.").

As a party in multiple cases pending in this Court with what appear to be current addresses on file, in light of petitioner's *pro se* status, and in an abundance of caution, however, the Court will afford petitioner one last opportunity to sign and return his petition and either pay the $5.00 filing fee or file an IFP application.   The Clerk of Court is directed to forward petitioner's unsigned petition, an IFP application and a copy of this Order to petitioner at the Rochester, New York address he provided to the Court in his other cases, 11-CV-385 (RRM) and 12-CV-2449 (RRM).

If petitioner fails to comply with this order within 14 days of the date of the order, the action will be dismissed without prejudice.   No extension shall be granted without good cause shown.   No response from respondent to this petition is required at this time.   The court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.   *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York  
           August 5, 2013

*Roslynn R. Mauskopf*

_____  
ROSLYNN R. MAUSKOPF  
United States District Judge